IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) | |
| LAWRENCE WHITE, ) | |
| Petitioner, ) | 08CV0201 |
| v. ) | JUDGE LEINENWEBER |
| TERRY McCANN, ) | MAG. JUDGE VALDEZ |
| Respondent. ) | |

RECEIVED
JAN 09 2008
JAN 09 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

<u>PETITION FOR WRIT OF HABEAS CORPUS</u>

Now comes the Petitioner LAWRENCE WHITE pursuant to Title 28 Section 2254 and respectfully submits this <u>PETITION FOR WRIT OF HABEAS CORPUS</u> to this Honorable Court and in support thereof, submits the following:

In <u>Apprendi v. New Jersey,</u> 530 U.S. 466(2000), and its progeny, the United States Supreme court established a bright-line rule requiring that any fact (other than that of prior conviction) that increases a criminal defendant's punishment beyond the maximum sentence authorized by facts reflected in a jury verdict or admitted by the defendant be proved to a jury beyond a reasonable doubt. In violation of that rule, the court(state) approved an extended-term sentence that exceeded the 60-year maximum sentence authorized under the facts petitioner admitted in his plea based upon a fact found by the trial judge by a pondonderance of the evidence.

Before the trial court, petitioner Lawrence White plead guilty to first-degree murder, among other offenses. When the State sought the death penalty, White consented to a judicial determination of his eligililty for captial punishment. During that hearing, the trial judge found that, based on the balance of aggravating and mitigating factors, the death penalty could not be omposed. At the State's request, however, the trial judge thereafter imposed an extended-term sentence based on a fact not at issue in the death penalty eligibilty hearing and not admitted by White--i.e. that the offense "was accompanied by exceptionally brutal or heinous conduct indi-

indicative of wanton cruelty."

A proper understanding of the question presented and why it merits this Honorable courts' review requires some familiarity with the lengthy procedural history of the issues(a)the trial proceedings resulting in Whit's conviction and sentence and the Illinois sentencing scheme in effect at the time he was sentenced;(b)White's direct appeal and the iLlinois Court of Appeals basis for reversing its original decision to vacte his sentence on APPRENDI issues; and (c) White's collateral attack on the merits of the state court decision and the alernative grounds offered by the lower courts.

Under Illinois sentencing scheme in effect at the time, the maximum sentence authorized upon establishing the basic elements of first degree murder was 60 years. See PEOPLE v. SWIFT,781 N.E.2d.292,297-98(ILL.2002);730 ILCS 5/5-8-1 (a)(1)(a)(West 1996)(App.65a-67a).The triual judge could not impose an enchanc sentence in the absence of additional finding. See SWIFT,781 N.E.2.d at 298

White did not admit to any facts that would have warranted a sentence in xcess of the 60 year statutory maximum.

White did not admit to any facts that would have warranted a sentence in excess of the 60 year statutory maximum.None of the aggravating factors warranted an enchanced sentence was included in the indictment or was an element of the offense to which he pled. And White did not concede any aggraving factor in the stipluation of the factual basis supporting his guilty plea.

Nevertheless, the State sought an enhanced sentence in the form of first, the death penalty and, later, when the trial judge declined to impose the death penlty, an extended term.

Under Illinois law, before a death sentence could be imposed, the court was required to hold a sepaarate hearing. 720 ILCS 5/9-19d)(West 1996)(app. 71a-75a). At that hearing, the state was required to prove beyond a reasonabe doubt the presence of an aggravating factor warranting the death penalty, and the defendant could adduce evidence of factors mitigatinf against capital punishment. 720 ILCS 5/9-1(g),(h)(West 1996)(App.71a-75a).The Illinois

capital sentencing statute also gave a defendant the choice between a judge and a jury for determining eligibilty for death,720 ILCS 5/9-1(d)(3)(West 1996)(App.71a-75a).,and White opted for a judicial determination of that sentencing issue.

During the death-penalty eligibilty hearing, the State arued that White was eligible for capital punishment on the single ground that he had committed felony murder,i.e. that the murder was committed in the course of the armed robbery and/or residential burglary. The trial court found, however, that impostion of capital punishment was unwarranted in light of mitigating emotional and mental factors.

The State than sought an extended term sentence under 730 ILCS 5/58-2(a) (West 1996)(App.68a). Unlike the capital sentencing statute, the extended term sentence statute mandated that the presence of aggravating factors warranting such a sentence be tried by the trial judge to a mere preponderance of the evidence.See People v. Lindsay,617 N.E.2d. 389,398(Ill.App.Ct.1993) People v. Goodman, 451 N.E.2d. 607,612(Ill.App.Ct.1983).The aggravating factor alleged by the State was that the murder was accopanied by "exeptionally brutal or heious behavior indictive of wanton cruilty." The trialjudge made the requested finding, and, on that basis,sdentenced White to an 80-year extended term sentence.

### REASONS FOR GRANTING THE PETITION.

This decision is flatly contryay to the United States Supreme Court decision in BLAKELY, in which the United States Supreme Court held that "the statutory maximum " for APPRENDI purposes is the maximum stence a judge may ompose <u>soley on the basis of the facts reflected in the jry verdict or admitted by the defendant.</u>" 542 U.S. at 305(emphasis in orinigal).the Court of appeals decision, moreover, is open invitation to the courts in Illinois to circument BLAKELY and thereby denying defendants their APPRENDI rights. The intervent:
XXXXXXXXXxxxxxx

The invention of exceptions to the bright-line ruleAPPRENDI and BLAKELY is inimical to the value and reasoning of thoses decisions.

A. <u>WHITE'S SENTENCE VIOLATES THE RULE ESTABISHED IN APPRENDI AND ITS PROGENY.</u>

Under APPRENDI, "other than the facts of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."530 U.S. at 490. In establishing this rule, the United States Supreme court explaied that " the relevant inquiry is not one of form, but of effect--does the required finding expose the defendant to a greater punishment than that authorized by the jury's verdict?id. at 494.

1.The complicated interplay between multiple sentencing statutes, however, has often led to conflectig calcutions of the applicable statutory maximum sentence for a given offense.This conflect was presaged in APPRENDI itself, where New Jersey arugued that the petitioner's sentence did not eceed the maximum authorized by the statute because the trial judge could have mposed the same term by ordering that sentences for the three offenses to which APPRENDI pleaded guilty run consecutively. The Supreme Court rejected that argument because the factfinding at issue had increased the maximum range within which the judge could exercise his discreation for that offense.The core issue, the court held, was the constitutionally of the specific factfinding upon which the extended sentence was based, not alternative sentencing-enhanced determinations that the trial court could have, but did not, make. APPRENDI, 530 U.S. at 474.Thus, APPRENDi itself, rejected the Illinois Appellate court concept of an " otherwise applicable ceiling."

In the aftermath of APPRENDI, courts continue to struggle with defining the statutory maximum sentence. In RING v. arizona,536 U.S. 584(200),the United States Supreme Court confronted a conflict over the calculation of the maximum sentence for first degree murder under Arizona law. There, the petitioner challenged Arizona's death penalty statute which permitted

the trial judge, sitting alone, to determine the presence or absence of the aggravating factors required under Arizona law for impostion of the death penalty. In holding,that statute vilated the right to a trial by jury the Court rejected Arizina's attempted to define the maximum sentenc authorized for first degree murder as death, noting that the finding of aggravating factors exposed RING to a greater punishment that that authorizd by the jury's gulty verdict alone. Ring,536 U.S. at 604.

In another case decided on the same day as RING, a plurality of the Supreme Court explained that " <u>facts extending the sentence beyond the statu statutory maximum  had traditionally been cgarged in the indictment and subm submitted to the jury, APPRENDI said, because the function of the indictment and jury had been to autrhorize the state to imposes punishment.</u>" HARRIS v. UNITED STATES, 536 U.S. 545, 564  (2002)(plurality opinion).
In HARRIS, the petitioner arugued that a fact that triggered an incresse in the mandatory minimum stence is also subject to the Constitution's indictment, jury, and proof requirements. Rejecting this arguement, a plurality of the Supreme court distinguished between facts that '<u>extended the power of the judge, allowing him or her to imposes a punishment exceedin what wa authorizd by the jury.</u>" and thosee that merely  <u>limited his or her choices within the aurgozied range.</u>"  id. at 567.

In Blakely, the Court resolved any remaining doubt about the proper method of calculating statutory maximums for APPRENDI purposes. There, as in this instant case, thev State hasd argued that there was no APPENDI issue or vilation, because the petitioners sentence had not eceeded the relevant statutory maximum. In that case, the state defeined it the same as in this instant case. The Supreme Court rejected that and stated:
> Our precedents make clear... that the 'statutory maximum' for APPRENDi is the maximum stence a judge may impose soley on the basis of the facts reflected in the jury verdict or admitted to by the defeendant.

in other words, the relevant 'statutory maximum' is not the maximum stentence a judge may impose after finding addidtional facts, but the maximum he may impose without any additional findings.
id. at 303-304.

The Court conluded that the sentence at issue there vilated APPRENDI because " the judge could not have imposed the sentence soley on the basi bases of the facts admitted in the guilty plea. id. at 304.
The BLAKELY RULE thus codified what the Court had held in APPRENDI, RING, and HARRISD. The state may not circumvent the requirements of APPRENDI by creately redefining the statutory maximum.
Because there was no jury verdict in WHITES case, the statutory maximum under BLAKELY is the maximum sentence WHITE couod have recieved based soley on the facts that he admitted as part of his guilty plea.Vhich was 60 years.730 ILCS 5/5-8-1(a)(1)(a)
The very most that WHITE could have legally gotten was 60 years, nothing more. and the emotional and mental duress/distress was not taken into account at the trial.

WHEREFORE, petitioner would respectfully pray that this Honorable Court GRANT this WRIT OF HABEAS CORPUS, INSTANTER and order a hearing on the merits iNSTANTER, in the interest of fairness and justice to petitioner
DATED: __1-3-08_____, 2008:

Respectfully Submitted,

_Lawrence White_____

Lawrence White, Petitioner, Pro Se

Reg. No.

Box 112

Joliet, IL. - 60434.